COGBURN LAW OFFICES
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburnlaw.com
Erik W. Fox, Esq.
Nevada Bar No. 8804
efox@cogburnlaw.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ALEXANDRIA HILL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SANTANDER CONSUMER USA, INC.; DOE Individuals 1–10; DOE Employees 11–20; and ROE Corporations 21–30;<br><br>Defendant. | Case Number<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Alexandria Hill (hereinafter "Plaintff"), by and through her counsel of record, Cogburn Law Offices, alleges the following against Santander Consumer USA, Inc. (hereinafter "Defendant"):

**I.   PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

## II. JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States. See *Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Santander conducts business in the State of Nevada, therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## III. PARTIES

5. Plaintiff is a natural person residing in Clark County, Nevada.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant Santander Consumer USA, Inc., is a corporation engaged in the business of collecting debts by use of mail and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

8. Upon information and belief, Defendant is a foreign entity licensed in the State of Texas, doing business at 1601 Elm Street, Suite 800, Dallas, Texas, 75201.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

10. Defendants named, referenced or designated herein as Doe Individuals 1–10, Doe Employees 11–20, and Roe Corporations 21–30 are individuals or other business entities of any form whose true names and capacities are unknown to the Plaintiff and are, therefore, sued by their fictitious names. Upon information and belief, each of these Defendants is responsible in some manner for the events and happenings referred to and, in some manner, caused the injuries and damages arising proximately from the subject incident described further herein. At the time of the incident giving rise to this Complaint, these unknown Defendants owned, operated, controlled, leased, managed, maintained, and/or inspected the premises and/or sold a product causing the

COGBURN LAW OFFICES
2580 St. Rose Parkway, Suite 330, Henderson, Nevada 89074
Telephone: (702) 748-7777 | Facsimile: (702) 966-3880

unsafe conditions associated with the premises in question which caused the Plaintiff to fall and sustain injuries. The Plaintiff will seek leave to amend this Complaint as the true identities of these individuals become known.

IV. **GENERAL ALLEGATIONS**

11. Plaintiff has a cellular telephone number.

12. Plaintiff has only used this number as a cellular telephone number.

13. Beginning in or around 2015 and continuing through around May 2016, Defendant called Plaintiff's cellular telephone number repeatedly.

14. Defendant called Plaintiff from telephone numbers including, but not limited to, 888-222-4227. The undersigned has confirmed that this number belongs to Defendant.

15. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and/or pre-recorded or artificial voice.

16. Plaintiff knew that the calls were automated as when she would answer the telephone, there would be either a recorded message before the calls would drop or be transferred to a representative or a noticeable delay or silence before the call terminated or a person came on the line.

17. Defendant's calls were not for emergency purposes.

18. Shortly after calls started, Plaintiff told Defendant to stop calling her and that they had the wrong number.

19. Once Defendant knew its calls were unwanted and that it was calling the wrong number there was no lawful purpose in continuing to call Plaintiff.

20. However, Defendant ignored this request and continued calling Plaintiff through May 2016 despite her repeated request that they stop calling.

21. Plaintiff found Defendant's repeated calls to be frustrating, annoying, harassing, invasive, and upsetting.

22. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

### FIRST CAUSE OF ACTION

### (Defendant Violated the TCPA)

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and/or artificial or pre-recorded voice.

25. Defendant's calls to Plaintiff were made to collect money, not for "emergency purposes."

26. After Defendant was told to stop calling, Defendant knew or should have known it did not have consent to call and/or that any consent it thought it had was revoked.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively, fraudulently, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual, and treble damages.

**V.   PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for the judgment of this Court as follows:

1. The greater of all actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

2. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3);

4.     Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

5.     Costs and reasonable attorney fees; and

6.     For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a jury trial.

Dated this 22nd day of June, 2018.

                            COGBURN LAW OFFICES

By:   */s/Erik W. Fox*
      Jamie S. Cogburn, Esq.
      Nevada Bar No. 8409
      Erik W. FoxErik W. Fox, Esq.
      Nevada Bar No. 8804 8804
      2580 St. Rose Parkway, Suite 330
      Henderson, Nevada 89074
      *Attorneys for Plaintiff*