EXHIBIT A

1  Blaec C. Croft, Esq. (*pro hac vice*)
2  **MCGUIREWOODS LLP**
   Tower Two-Sixty
3  260 Forbes Avenue, Suite 1800
   Pittsburgh, PA 15222
4  Tel: (412) 667-6057
   Fax: (412) 402-4187
5  bcroft@mcguirewoods.com

6  Todd E. Kennedy, Esq.
7  Nevada Bar No. 6014
   **KENNEDY & COUVILLIER, PLLC**
8  3271 E. Warm Springs Rd.
   Las Vegas, NV 89120
9  Tel:  (702) 605-3440
   Fax:  (702) 625-6367
10 tkennedy@kclawnv.com

11              **THE UNITED STATES DISTRICT COURT**
12               **FOR THE DISTRICT OF NEVADA**

13

14 ALEXANDRIA HILL,                    Case No.  2:18-cv-01117-JAD-GWF

15              Plaintiff,
                                        **AFFIDAVIT IN SUPPORT OF THIRD-**
16      v.                              **PARTY PLAINTIFF SANTANDER**
                                        **CONSUMER USA INC.'S REQUEST FOR**
17                                      **ENTRY OF DEFAULT JUDGMENT**
   SANTANDER CONSUMER USA INC.; DOE    **AGAINST THIRD-PARTY DEFENDANT**
18 Individuals 1-10; DOE Employees 11-2-' and  **CYNTHIA HILL**
   ROE Corporations 21-30,
19
20              Defendants.

21 _____

22 SANTANDER CONSUMER USA INC.,

23              Third-Party Plaintiff,

24      v.

25 CYNTHIA HILL,

26              Third-Party Defendant.

27

28
                              Page 1 of 3

KENNEDY & COUVILLIER, PLLC
3271 E. Twain Ave. ◆ Las Vegas, NV 89120
Ph. (702) 605-3440 ◆ FAX: (702) 625-6367
www.kclawnv.com

KENNEDY & COUVILLIER, PLLC
3271 E. Twain Ave. ● Las Vegas, NV 89120
Ph: (702) 605-3440 ● FAX: (702) 625-6367
www.kclawnv.com

I, Blaec C. Croft, lead counsel for Third-Party Plaintiff Santander Consumer USA Inc. ("SC"), being duly sworn, hereby state as follows:

1.      I am over eighteen (18) years of age, am competent to testify, and have personal knowledge regarding the matters set forth in this Affidavit.

2.      I am lead counsel for SC in the instant action and I am familiar with the file, records, and pleadings in the matter.

3.      SC named Third-Party Defendant Cynthia Hill ("Hill") as a third-party defendant in the Third-Party Complaint filed on August 20, 2018.  (ECF 7.)

4.      Hill received formal service under Rule 4(c) of the Federal Rules of Civil Procedure on September 20, 2018, and SC filed the Affidavit of Service on October 18, 2018. (ECF 20)

5.      Hill's time to answer or otherwise respond to the Third-Party Complaint expired on October 11, 2018.

6.      Hill has not answered, responded or otherwise defended as to the Third-Party Complaint.

7.      Hill is not an infant, in the military or an incompetent person, to the best of my knowledge, information and belief.

8.      SC resolved the case against Plaintiff Alexandria Hill for $7,500.  *See* Exhibit 1 (Confidential Settlement Agreement).

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief.

1
2
3

Dated: July 3, 2019.

4

By: _____

5

BLAEC C. CROFT (*admitted pro hac vice*)
McGuireWoods LLP

6

Tower Two-Sixty
260 Forbes Avenue, Suite 1800

7

Pittsburgh, PA 15222
Tel: (412) 667-6057

8

Fax: (412) 402-4187
bcroft@mcguirewoods.com

9
10

Sworn to and subscribed before me
this **3rd** day July, 2019

11
12

*Danielle Marks*

13

Notary public

14

My Commission Expires: **December 26, 2021**

15
16
17

Commonwealth of Pennsylvania - Notary Seal
Danielle Marks, Notary Public
Allegheny County
My commission expires December 26, 2021
Commission number 1102345
Member, Pennsylvania Association of Notaries

18
19
20
21
22
23
24
25
26
27
28

KENNEDY & COUVILLIER, PLLC

3271 E. Twain Ave. ◆ Las Vegas, NV 89120
Ph. (702) 605-3440 ◆ FAX: (702) 625-6367
www.kclawnv.com

Page 3 of 3

# Exhibit 1

## CONFIDENTIAL SETTLEMENT AGREEMENT

This Settlement Agreement and Full Release of Claims ("Agreement") is entered into as of the Effective Date (defined below) by and between Alexandria Hill ("Plaintiff") and Santander Consumer USA Inc. ("SC").  Plaintiff and SC may be referred to hereinafter individually and collectively as "Party" or "Parties," respectively.

WHEREAS, Plaintiff seeks various damages, relief and attorney's fees due to alleged actions and conduct of SC as set forth in the Complaint and pleadings on file and other materials of record in an action Plaintiff commenced on June 26, 2018 in the United States District Court for the District of Nevada, *Alexandria Hill v. Santander Consumer USA Inc.*, No. 2:18-cv-01117 (the "Lawsuit");

WHEREAS, without admitting any liability but to avoid continuing litigation expenses, and to eliminate the risks, uncertainties and burdens of litigation and trial, Plaintiff and SC have reached a full and final settlement of all claims, conflicts, disputes and controversies;

NOW THEREFORE, in consideration of the mutual covenants and promises set forth below and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties intending to be legally bound hereby agree as follows:

1.     No Admission of Liability.  The Parties agree that this Agreement, its terms and/or the Parties' negotiations of it shall not constitute or be construed as an admission by any Party of the truth of any of the claims or causes of action asserted in the Lawsuit, allegations made or of any liability, fault, or wrongdoing of any kind whatsoever.  This Agreement shall not be offered as or received into evidence in any pending or future civil, criminal, or administrative proceeding or action against any of the Parties hereto in any court, administrative agency or other tribunal, for any purpose whatsoever, except as may be necessary to enforce or to effectuate the terms of this Agreement

2.     Settlement Consideration.

2.1     Payment.  For and in consideration of the promises, undertakings and releases reflected by this Agreement, SC agrees to pay the sum of $7,500 ("the Payment" or "Settlement Proceeds").  The Payment shall be made via check payable to the Kimmel & Silverman, P.C., 30 East Butler Pike, Ambler, PA 19002 within 20 (twenty) business days of the latter of: (1) SC's counsel's receipt of a copy of this Agreement executed by Plaintiff; and (2) SC's receipt of an executed W-9 form from Plaintiff's counsel.

2.2     Dismissal of the Lawsuit.  SC's Payment pursuant to Paragraph 2.1 shall be in full settlement and satisfaction of any and all claims asserted or that may have been asserted against SC in the Lawsuit.  Within five (5) days of the receipt of the payment described in Paragraph 2.1 of this section, Plaintiff agrees to dismiss the claims against SC in the Action with prejudice by filing with the Stipulation of Dismissal, attached hereto as Exhibit A.  All Parties consent to the Plaintiff's filing of the Stipulation of Dismissal once the Payment set forth in Paragraph 2.1 is paid.

3.      Release.

        3.1      Release by Plaintiff.  In consideration of the agreements and conditions in this Agreement, Plaintiff, on behalf of herself and her representatives, agents, attorneys, insurers, successors, assigns, executors, heirs, dependents, wards, devisees, and any others in privity with Plaintiff or any others claiming through her, forever releases and discharges SC and each and all of its respective past, present and future parents, subsidiaries, divisions, and affiliates, or any entity now or in the past controlled by, controlling, or under common control with any of the foregoing and doing business under any other names, and each of their past and present officers, directors, shareholders, agents, employees, attorneys, accountants, advisors, representatives, and consultants, and each of their respective predecessors, successors, and assigns (collectively, the "Released Parties"), from any and all claims, demands, rights of action, causes of action, damages, attorneys' fees or costs, suits or liabilities of any kind whatsoever, in law or in equity, including monetary, injunctive, or declaratory relief, whether known or unknown, fixed or contingent, liquidated or unliquidated, suspected or unsuspected, whether or not presently asserted or claimed, past, present or future, including but not limited to any claims or causes of actions that Plaintiff asserted or could have asserted in the Lawsuit, or which arise from or relate in any way to the Lawsuit and any claims arising out of or in way relating to the financing, telephone calls, collection efforts, credit reporting or other dealings of SC and/or any other of the Released Parties with Plaintiff (collectively, "Plaintiff's Claims").  Plaintiff understands that this is a general release releasing any and all claims against the Releasees.

4.      Confidentiality and Non-Disparagement

        4.1      Confidentiality.  Plaintiff agrees that the terms of this Agreement are and shall be kept confidential, including amount of the Settlement Proceeds; provided, however, that Plaintiff may reveal this amount to any accountant Plaintiff may retain with respect to tax advice or reporting or to any attorney hired to represent Plaintiff, to any federal or state taxing authority, or as otherwise required by law; and, Plaintiff shall instruct such accountants or attorneys that such amount is confidential and is to be maintained as such.  SC may disclose the terms to any auditor or in response to a governmental request or regulatory inquiry.

        4.2      Non-Disparagement.  Neither the Plaintiff nor Plaintiff's attorneys will make any disparaging statements (oral or written), directly or indirectly, to the media or general public about the Released Parties related to this case or settlement.  In addition, neither the Plaintiff nor Plaintiff's attorneys will make any disparaging statements (oral or written), directly or indirectly, to the media or general public about the Released Parties' business practices or policies as they relate to this case.  Disparaging statements are statements that are false, misleading, or might tend to cast the Released Parties in a negative light, regardless of their truth or falsity.

        4.3      Order to Disclose.  If Plaintiff is required by an appropriate order of a competent court to disclose the amount of the Settlement Proceeds to individuals other than those set forth above, Plaintiff shall notify SC in writing, at least fifteen (15) days prior to such disclosure. In the event disclosure is ordered in such period of time that such notification to SC is not possible, Plaintiff shall notify SC as soon as practicable prior to the disclosure of the amount of the Settlement Proceeds or, if advance notification is not possible, immediately. Notice to SC shall be sent addressed to SC's counsel of record in the Lawsuit.

5.   Representations, Warranties and Further Agreements.

5.1   Represented by Counsel. The Parties hereby acknowledge that they have been represented in the negotiations for, and in preparation of, this Agreement by counsel of their choice; that they have read this Agreement and have had it fully explained to them by such counsel; and that they are fully aware of the contents of this Agreement and of the legal effect of each and every provision thereof. Each party to this Agreement has made such investigation of the facts pertaining to this Agreement and of all of the matters pertaining thereto as it deems necessary.

5.2   Tax Liability. Plaintiff acknowledges and agrees that: (i) SC may report any consideration made pursuant to this Agreement to the Internal Revenue Service and/or state and local tax authorities or agencies; (ii) Plaintiff is solely responsible for determining and satisfying any tax liability resulting from any consideration made pursuant to this Agreement; and (iii) the Released Parties have made no representations, or offered any advice or opinion, concerning the tax consequences of the Agreement or consideration made under this Agreement.

5.3   Authority to Sign. Each Party represents and warrants to the other Party that the person executing this Agreement on his/its behalf has full authority and capacity to execute this Agreement and to give the releases and other promises contained herein.

5.4   Attorney Fees. The Parties shall bear her/its/their own respective attorneys' fees, litigation expenses and all costs related to the Lawsuit, its dismissal, and this Agreement.

5.5   Cooperation. The Parties agree to cooperate fully, openly and in good faith with respect to the undertakings expressed in this Agreement and further to execute any necessary or useful supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the terms, expectations and intentions evidenced by this Agreement.

5.6   Entire Agreement. This Agreement contains the entire agreement between the Parties with regard to all matters related to their settlement. Any prior understandings or representations to the contrary as to the terms of this Agreement are hereby cancelled, superseded and merged into this Agreement to the same extent as if they never happened and were never made. This Agreement may be supplemented or amended only by written agreement by both Parties.

5.7   Severability. If any part of this Agreement is void or otherwise invalid and hence, unenforceable, such invalid and void portion shall be deemed to be separate and severable from the balance of this Agreement, which shall be given full force and effect as though the void or invalid provision had never been a part of this Agreement.

5.8   Governing Law. This Agreement is to be governed by and construed in accordance with the law of the State of Nevada, without regard to choice of law principles.

5.9   Jurisdiction and Counterparts. The Parties agree that the United States District

Court for the District of Nevada shall have continuing jurisdiction to enforce the terms of this Agreement. This Agreement may be executed in counterparts, with copies as valid as the originals, and each such duly executed counterpart and copy shall be of the same validity, force, and effect as the original.

5.10   <u>Mutual Drafting</u>. This Agreement is the product of negotiations "at arm's length" between the Parties, all of whom are represented by counsel. As such, the terms of this Agreement are mutually agreed upon, and no part of this Agreement will be construed against the drafter.

5.11   <u>Successors and Assigns</u>. This Agreement shall be binding upon the Parties and upon their heirs, successors, affiliates, subsidiary and parent organizations, assigns, administrators, and executors, and shall inure to the benefit of the Parties' successors and assigns.

5.12   <u>Effective Date</u>. The Effective Date of this Agreement shall be the date of execution by the last of the Parties to execute it, below.

**{SIGNATURE PAGE FOLLOWS}**

**SANTANDER CONSUMER USA INC.**

Date: 3/20/19

Printed Name: Jason Miller

Title: Sr. Dir Litigation

Signature:

**PLAINTIFF ALEXANDRIA HILL**

Date: 3·18·19

Printed Name: Alexandria Hill

Signature: Alexandria Hill