# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Alexandria Hill,<br><br>　　Plaintiff<br><br>v.<br><br>Santander Consumer USA Inc.,<br><br>　　Defendant<br>_____<br>Santander Consumer USA, Inc.,<br><br>　　Third-Party Plaintiff<br><br>v.<br><br>Cynthia Hill,<br><br>　　Third-Party Defendant | Case No.: 2:18-cv-01117-JAD-EJY<br><br><br>**Order (1) Directing Clerk of Court to Unseal Motion for Default Judgment and (2) Ordering Third-Party Plaintiff to Serve Motion for Default Judgment on Third-Party Defendant and to File Proof of Service**<br><br>[ECF No. 31] |

　　Alexandria Hill (A. Hill) brings this action against debt collector Santander Consumer USA, Inc. (Santander) alleging that Santander violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, by making repeated phone calls to her cellular telephone.[1] Santander subsequently filed a third-party complaint against A. Hill's mother, Cynthia Hill (C. Hill), who had submitted a credit application to Santander when financing a vehicle.[2] Santander alleges that any phone calls it made to A. Hill's phone were due to C. Hill's misrepresentation on her credit application, where she listed A. Hill's phone number as her own.[3] Santander's third-party

---

[1] ECF No. 1.
[2] ECF No. 7.
[3] *Id.*

complaint against C. Hill includes claims for intentional misrepresentation, negligent misrepresentation, and indemnification.[4]

Santander filed proof that it served C. Hill with process on September 20, 2018.[5] Because C. Hill failed to answer or otherwise appear, Santander moved for default against her,[6] and the Clerk of Court entered default on March 27, 2019.[7] A. Hill and Santander then filed a stipulation to dismiss with prejudice all of A. Hill's claims against Santander—with all parties to bear their own fees and costs—which I granted, but Santander did not dismiss its third-party claims against C. Hill.[8] Thus, Santander's third-party claims against C. Hill remain to be resolved.

Santander moves for default judgment in its favor on these claims. But because Santander has failed to serve C. Hill with its motion for default judgment, I direct the Clerk of Court to unseal the motion for default judgment, and I order Santander to serve its unsealed motion on C. Hill so that she is aware of Santander's intent to move for default judgment against her.

**Discussion**

Santander moved for leave to file its motion for default judgment under seal, alleging that it contained "confidential information related to [its] settlement with . . . [A. Hill]."[9] Santander represented that it attached its motion for default judgment as Exhibit A, but Santander failed to

---

[4] *Id.*
[5] ECF No. 20.
[6] ECF No. 25.
[7] ECF No. 26.
[8] ECF No. 27.
[9] ECF No. 28.

2

attach it.[10] Magistrate Judge George Foley denied Santander's motion for leave to file under seal without prejudice, based on Santander's failure to provide the court with what it sought leave to seal—its motion for default judgment.[11] Santander subsequently filed a second motion for leave to file under seal,[12] which Judge Foley also denied.[13] Judge Foley determined that Santander "fail[ed] to demonstrate compelling reasons for sealing its motion for default judgment" and "fail[ed] to demonstrate that any potentially confidential information in the motion for default judgment could not be redacted instead of sealing the entire document."[14] Santander neither appealed nor objected to Judge Foley's denial of its motion for leave to file under seal. Thus, I direct the Clerk of Court to unseal the motion for default judgment (ECF No. 31) based on Judge Foley's order denying Santander's motion for leave to file under seal and based on Santander's lack of timely appeal or objection to Judge Foley's order.

In its motion for default judgment, Santander included a certificate of service, representing that because its motion had been filed electronically in the court's electronic filing system, C. Hill had been automatically served via e-mail and/or U.S. first-class mail.[15] However, it appears that neither C. Hill's e-mail address nor her mailing address are in the court's electronic filing system. Thus, because Santander did not serve its motion for default judgment on C. Hill—nor was she automatically notified—it appears that C. Hill has not received notice that default judgment is being sought against her. Because "default judgments are generally

---

[10] ECF Nos. 28, 29.
[11] ECF No. 29.
[12] ECF No. 30.
[13] ECF No. 33.
[14] ECF No. 33 at 2.
[15] ECF No. 31-2.

3

disfavored and cases should be decided on their merits," Santander must make every effort to provide notice to C. Hill of its intent to move for default judgment against her. Under U.S. District Court of Nevada Local Rule IC 4-1(c), "[s]ervice of documents in paper form is required . . . even if the document is electronically filed . . . [w]hen a document is filed under seal . . . [or] [w]hen the court orders otherwise."[16] Thus, I order Santander to serve upon C. Hill a copy of its motion for default judgment and exhibits and a copy of this order as soon as practicable.[17] Santander must then file proof of that service with the Clerk of Court.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is directed to UNSEAL ECF No. 31. IT IS FURTHER ORDERED that as soon as practicably possible, Santander Consumer USA Inc. must serve upon Cynthia Hill a copy of its motion for default judgment and exhibits (ECF No. 31) and a copy of this order and file proof of service with the Clerk of Court. IT IS FURTHER ORDERED that any response from Cynthia Hill to the motion for default judgment (ECF No. 31) will be due fourteen days after service, which is complete upon mailing. IT IS FURTHER ORDERED that any reply from Santander Consumer USA Inc. will be due according to the Federal Rules of Civil Procedure and the United States District Court of Nevada's Local Rules of Practice.

_____
U.S. District Judge Jennifer A. Dorsey
November 18, 2019

---

[16] LR IC 4-1(c)(4), LR IC 4-1(c)(7).

[17] *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987).